UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARBOR LAKES APARTMENTS LIMITED
PARTNERSHIP, an Illinois limited
partnership authorized to do
business in Florida, as landlord
of THE POINT AT WEST END,

    Plaintiff,
v.                               CASE NO.: 8:19-cv-126-T-33TGW

ELIZABETH K. McLEOD,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Elizabeth McLeod's pro se "Petition for Removal and Federal Stay of Eviction pursuant to 28 U.S.C. § 1441(b)" (Doc. # 1), which was filed on January 17, 2019. The Court considers the Removal of this state court eviction action sua sponte consistent with its obligation, as a court of limited jurisdiction, to inquire into its jurisdiction at the earliest possible stage of the litigation. See Kirkland v. Midland Mort. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). After doing so, the Court remands this matter to state court pursuant to 28 U.S.C. § 1447(c), which states, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded."

## I. Factual Background

McLeod signed a lease to rent a Tampa, Florida, apartment on May 16, 2018. (Doc. # 1-2 at 6). The lease specified that her rent was to be paid monthly in the amount of $1,043. (Id.). McLeod fell behind on her rent, and on January 4, 2019, her landlord left a "Three Day Notice Demanding Payment of Rent or Possession of Premises" at McLeod's apartment. (Id. at 5). That Notice, addressed to McLeod, specified: "you are indebted to us in the sum of $2,446.16 for the rent and use of the premises." (Id.). The Notice gave McLeod the option of paying the rent due by January 9, 2019, or vacating the apartment. (Id.).

The Court surmises that McLeod failed to make payment because Arbor Lakes Apartments Limited sued McLeod in state court seeking eviction. (Doc. # 1-1). McLeod filed her pro se Notice of Removal on January 17, 2019. (Doc. # 1). McLeod characterizes this case as a Fair Debt Collection Practices Act case and also suggests that this Court has jurisdiction based upon diversity of citizenship. As explained below, the Court lacks subject matter jurisdiction.

## II. Legal Standard

A defendant may remove a case filed in state court to

2

federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Uncertainties concerning the propriety of removal are resolved in favor of remand. Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In addition to bearing the burden of proving original jurisdiction, removing defendants are also faced with strict jurisdictional requirements. Federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994). Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As stated in Merrell Dow Pharm, Inc. v. Thompson, 478

3

U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well pleaded complaint." The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (internal citations omitted). The well-pleaded complaint rule makes the plaintiff the master of his own claim. Burns, 31 F.3d at 1095. The plaintiff may avoid federal jurisdiction by exclusive reliance on state law, and potential defenses involving the Constitution or laws of the United States are ignored during the jurisdictional evaluation. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

## III. Discussion

The Notice of Removal suggests that this Court has federal question subject matter jurisdiction. However, the Court's review of the state court Complaint demonstrates that this eviction action raises no federal question. McLeod postulates that Arbor Lakes' eviction practices violate the Fair Debt Collection Practices Act, but that has no bearing on

4

whether the action may be removed. Arbor Lakes is the Plaintiff, and it chose to seek only state court relief in the Complaint. McLeod's reference to the Fair Debt Collection Practices Act in the Notice of Removal does not convert this state court action into a federal case.

Evaluation of the Notice of Removal, state court Complaint, and attached exhibits also demonstrates that the requirements for the exercise of diversity jurisdiction are not present. McLeod, as the removing Defendant, has the burden of demonstrating that the requirements for diversity jurisdiction are met. She has completely failed to do so. The Notice of Removal does not state the citizenship of any party and does not discuss damages at all.

Even if the Court were to assume that Arbor Lakes is a foreign entity and McLeod is a citizen of Florida, the amount in controversy is well less than the jurisdictional threshold of $75,000.[1] The Complaint seeks eviction and makes reference to the "Three Day Notice." (Doc. # 1-1 at 1). The Three Day Notice, provided to McLeod on January 4, 2019, specified that the amount McLeod owes is $2,446.16. (Doc. # 1-2 at 5). The

---

[1] And, if McLeod is a citizen of Florida, she is barred from removing this action based upon the forum defendant rule. See 28 U.S.C. § 1441(b)(2).

Notice of Removal lacks even a single allegation of fact showing that the amount in controversy exceeds $75,000. The Court is not permitted to speculate in an attempt to bolster insufficient allegations contained in a Notice of Removal. Lowery v. Ala. Power Co., 483 F.3d 1184, 1214-15 (11th Cir. 2007). Accordingly, upon reviewing the Complaint, the Court remands this action to the state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1) The Clerk is directed to **REMAND** this case to state court.
2) After remand has been effected, the Clerk shall **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE